FROM IREDELL.
The only defense relied on was the plea of payment; and upon the issue joined on that plea the defendant proved that Carmichael, the principal debtor, had assigned the following instrument to the testator in his life-time:
Ten months after date I promise to pay A. Carmichael, or bearer, three hundred and fifty-one dollars and seventy-four cents, to be discharged in good whiskey, bar lead or castings, at the customary price given by wholesale, to be delivered at Reuben McDaniel's house where he now lives, for value received. This 10 June, 1816. REUBEN McDANIEL.
It was contended by the defendant that the assignment of this obligation to the testator was absolute, and in payment of the bond. The plaintiffs contended, on the other hand, that their testator had received it only as a collater security to the bond. The defendant also insisted that if the assignment was a collateral security for the debt, the testator had made it his own by his laches, and thereby discharged (184) the bond on which the suit was brought.
Upon this point there was a contrariety of evidence. All offer by McDaniel to pay the note in castings, before it fell due, and at a distance from the place of payment, was proved; to which the testator Erwin replied that he had never dealt in that article, and had rather wait longer than take such a payment; at the same time he offered to make a discount, if McDaniel would pay in cash. It was also in proof that the testator Erwin came to the house of McDaniel, the maker, the day the note became due, but was informed by him that he could not on that day make payment in any of the articles specified in the note, or in cash.
His Honor, Judge DONNELL, instructed the jury that a day and a place being specified when and where the note was payable, either in whiskey, bar lead, or castings, the creditor was not bound to receive the payment in any of those articles before the day the note became due; and that the plaintiffs should not be deprived of their claim on the note in suit, because Erwin, their testator, refused to receive the castings before *Page 116 
the day the note fell due. If, however, they could collect from the evidence that Erwin had entered into any arrangement with McDaniel for extending the time of payment, or for his (McDaniel) disposing of the castings, he thereby made the debt his own, and deprived himself of recourse to the defendant on the note in suit.
The case was submitted without argument.
From an examination of the facts stated in this case, and the charge of the Judge thereupon, we are of opinion that the charge was correct, and that the rule for a new trial should be disregarded.
PER CURIAM. Affirmed.
(185)